UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARYL GRAY, | ) | NO. CV 12-03228 JVS (SS) |
|         Petitioner, | ) | |
|    v. | ) | **ORDER DISMISSING HABEAS** |
| GOVERNOR JERRY BROWN, ET AL., | ) | **ACTION WITHOUT PREJUDICE** |
|         Respondents. | ) | |

    On April 12, 2012, Daryl Gray ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the laws of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a).

    Here, however, Petitioner is not challenging the legality of his conviction, or otherwise claiming to be in custody in violation of the

1  laws of the Constitution or laws or treaties of the United States, but
2  is challenging the execution of his sentence. (See Petition at 2). The
3  Court need neither grant the writ nor order a return if "it appears from
4  the application that the applicant or person detained is not entitled
5  thereto."  28 U.S.C. § 2243; see also Rule 4 of the Rules Governing
6  Section 2254 Cases in the United States District Courts.  The Petition
7  fails to include any claims for federal habeas relief.

9     Petitioner is specifically complaining about his lack of access to
10 drug treatment programs.  (See Petition at 5-6).  Petitioner's claims
11 are difficult to understand, but he appears to contend that California
12 A.B. 109 (otherwise known as the 2011 Realignment Legislation) is
13 discriminatory because it prohibits inmates with prior strikes from
14 participating in drug treatment programs.  (See id.).  Thus, the Court
15 concludes that the jurisdictional requisite for a section 2254 habeas
16 petition has not been met.  See Crawford v. Bell, 599 F.2d 890, 891 (9th
17 Cir. 1979) ("[T]he writ of habeas corpus is limited to attacks upon the
18 legality or duration of confinement."); see also Badea v. Cox, 931 F.2d
19 573, 574 (9th Cir. 1991) (explaining the distinction between a habeas
20 action and a civil rights action); Hartman v. Summers, 878 F. Supp.
21 1335, 1347 n.15 (C.D. Cal. 1995) ("[T]he Ninth Circuit has made clear
22 that habeas petitions are limited to attacks upon legality or duration
23 of confinement.").

25    The Court has also considered whether to ignore the erroneous
26 labeling of the Petition and construe this pleading as a civil rights
27 complaint.  See Hanson v. May, 502 F.2d 728, 729 (9th Cir. 1974)
28 ("Despite the labeling of his complaint [as a habeas petition], [the

1 petitioner] was, therefore, entitled to have his action treated as a
2 claim for relief under the Civil Rights Act."); <u>Wilwording v. Swenson</u>,
3 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971) ("Petitioners
4 were therefore entitled to have their actions treated as claims for
5 relief under the Civil Rights Acts . . . ."). However, Petitioner's
6 allegations are not sufficient to state a claim for violation of his
7 federal civil rights.[1] Moreover, Petitioner failed to pay the filing fee
8 required to initiate a civil rights action and is ineligible for <u>in
9 forma pauperis</u> status because he has previously had at least three cases
10 dismissed as frivolous, malicious, or for failure to state a claim
11 pursuant to 28 U.S.C. § 1915(g).[2]
12 \\
13 \\
14 \\
15 \\
16 \\
17 \\

---

[1] Even assuming Petitioner had stated a claim, it does not appear from the face of the Petition that he has exhausted his available administrative remedies. <u>See</u> 42 U.S.C. § 1997e(a).

[2] The Court takes judicial notice of Case No. CV 10-08890 UA (SS) in which the Chief District Judge issued an order finding that Petitioner previously had at least three cases dismissed as frivolous, malicious, or for failure to state a claim pursuant to 28 U.S.C. § 1915(g). <u>See, e.g.</u>, <u>United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992) (noting that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). The Court also notes that the "imminent danger" exception to section 1915(g) does not apply here because Petitioner has not alleged any facts that demonstrate he is in "imminent danger of serious physical injury." <u>Rodriquez v. Cook</u>, 169 F.3d 1176, 1178 (9th Cir. 1999).

3

1     Consistent with the foregoing, IT IS ORDERED that Judgment be
2 entered dismissing this action without prejudice.  IT IS FURTHER ORDERED
3 that the Clerk of Court serve a copy of this Order and the Judgment on
4 Petitioner at his current address of record.

6     LET JUDGMENT BE ENTERED ACCORDINGLY.

8 DATED: April 25, 2012.

                                    _____
                                    JAMES V. SELNA
                                    UNITED STATES DISTRICT JUDGE

14 PRESENTED BY:

       /S/
   _____
17 SUZANNE H. SEGAL
   UNITED STATES MAGISTRATE JUDGE

4